IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY RYAN CASADY,<br><br>Defendant. | Case No. CR10-3056<br><br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of May, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, David Nadler.

### RELEVANT FACTS

On December 15, 2010, Defendant Corey Ryan Casady was charged by Indictment (docket number 3) with conspiracy to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 27, 2011.

Iowa Division of Narcotics Enforcement ("DNE") agent Ryan Moore testified regarding the circumstances underlying the instant charge. On March 8, 2010, Defendant was involved in a controlled buy of methamphetamine by a Confidential Informant ("CI"). The CI purchased approximately 1 ounce of crystal methamphetamine from Defendant. The controlled buy was recorded by law enforcement using a recording device on the CI. Both the CI and co-defendant Winston Tidman proffered testimony to investigators that Defendant was the source of the methamphetamine. Defendant also admitted his involvement in the sale of methamphetamine following his recent arrest.

1

According to the pretrial services report, Defendant is 24 years old. He has lived in the Ames, Iowa area his entire life. Defendant is single, and has never been married. He has one daughter, age 6, from a previous relationship. Defendant has been unemployed since November 2010. Prior to being unemployed, he worked for Viking Magazine Service in Ames, Iowa from May 2010 to November 2010.

Defendant is in good physical health. As a teenager, Defendant was treated for attention deficit disorder. He is not currently being treated for any mental health issues. Defendant denies ever abusing alcohol.[1] Defendant told the pretrial services officer that he used (1) marijuana about twice per week from his mid-teens until late 2009; (2) methamphetamine on weekends about twice per month from age 18 until late 2009; and (3) cocaine on weekends about twice per month from age 18 until late 2009. In 2008, while he was imprisoned, Defendant participated in New Frontiers, a substance abuse treatment program.

Defendant has an extensive criminal history. In 2000, while still a juvenile, Defendant was charged with assault with a deadly weapon for hitting a man with a bat and taking his car. Defendant was initially placed on probation for the offense, but was later placed at the Clarinda Academy due to noncompliance with probation.

On July 8, 2005, at age 18, Defendant was charged and later convicted of trespass. On July 28, 2005, Defendant was charged and later convicted of failure to report an accident resulting in injury or death. On September 3, 2005, while the first two charges were pending, Defendant was charged and later convicted of second degree criminal mischief, assault on a peace officer, and interference with official acts. Defendant was given a deferred judgment on the second degree criminal mischief charge, and sentenced to 20 days in jail on the assault on a peace officer charge and 10 days on the interference

---

[1] The pretrial services report provides, however, that a presentence investigation report filed in Hardin County, Iowa, indicated that Defendant stated that he consumed alcohol heavily twice per month, and had suffered memory loss as a result of his alcohol consumption.

2

charge. On January 14, 2006, while released on bond on all of the September 3, 2005 charges, Defendant was charged and later convicted of assault causing bodily injury.

On November 15, 2006, Defendant was placed on absconder status in the second degree criminal mischief and assault on a peace officer charges. On December 9, 2006, while on absconder status, Defendant was charged with retail theft in Cook County, Illinois. On January 18, 2007, while still on absconder status, Defendant was charged with possession of a controlled substance in Cook County. Defendant failed to appear at a hearing and a warrant was issued. Both Illinois charges ended with bond being forfeited.

On January 23, 2007, Defendant returned from absconder status and was placed in jail. On April 15, 2007, apparently out of jail, and while still on probation in the second degree criminal mischief and assault on a peace officer charges, Defendant was charged and later convicted of first degree harassment. On May 7, 2007, Defendant's probation was modified to include placement for 1 year in a residential facility. On August 16, 2007, Defendant apparently walked away from the halfway house and was charged and later convicted of voluntary absence (escape). On September 12, 2007, while on escape status from the residential facility, Defendant was charged and later convicted of consumption/intoxication and interference with official acts. On December 3, 2007, his deferred judgment on the second degree criminal mischief and assault on a peace officer charges was revoked and he was sentenced to 5 years in prison. His sentence was discharged on May 28, 2009.

On August 15, 2009, Defendant was charged and later convicted of consumption/intoxication and disorderly conduct, fighting, or violent behavior. Curiously, Defendant was charged in a separate action with consumption/intoxication, second offense, on the same date. Defendant failed to appear for his arraignment on second consumption/intoxication charge, and a warrant for his arrest was issued. On October 20, 2009, while the warrant was outstanding, Defendant was charged and later convicted of animal abuse, first degree harassment, and assault. He was given a 2-year suspended

prison sentence and 2 years probation on the first two charges and sentenced to 11 days in jail on the assault charge.

On August 12, 2010, Defendant was charged and later convicted of trespass.[2] On August 20, 2010, Defendant failed to appear for a probation violation hearing in the animal abuse and first degree harassment charges. A warrant for Defendant's arrest was issued. The warrant was later cancelled. On November 23, 2010, while still living at the halfway house, Defendant was charged with voluntary absence (escape). The charge was later dismissed. On February 9, 2011, Defendant's probation in the animal abuse and first degree harassment charges was revoked. Defendant was sentenced to 2 years in prison. On May 2, 2011, Defendant was paroled to immediate discharge.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

---

[2] This offense occurred while Defendant was on weekend furlough from a residential center. The facts surrounding the charge included Defendant being assaulted at a residence. Later, Defendant found the assailant at a different residence, entered that residence, and assaulted the assailant. Initially, in addition to the trespass charge, Defendant was also charged with assault, but the assault charge was later dismissed. Neither residences involved with these charges were approved furlough locations for Defendant.

4

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings,

and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. The weight of the evidence against Defendant is strong. On March 8, 2010, Defendant was involved in a controlled buy for the purchase of methamphetamine. The CI involved in the controlled buy, and a co-defendant also involved in the controlled buy, will apparently testify that Defendant was the source of the methamphetamine purchased by the CI. Defendant admitted to law enforcement that he was involved in the distribution of methamphetamine.

Defendant has repeatedly failed to comply with probation and pretrial release. He has a history of committing additional offenses while on pretrial release and probation, including violent offenses and offenses involving controlled substances. Defendant has failed to appear for court hearings on at least three occasions. He has also been on absconder or escape status at least twice. Based on Defendant's past actions, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's substantial criminal record, including violent behavior, his repeated failure to comply with pretrial release and probation, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 2, 2011) to the filing of this Ruling (May 6, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 6th day of May, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA